IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02566-KAS

EMANUEL PITTMAN,

    Plaintiff,

v.

ROETKER, Capt.,
MOLELLO, C/O,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

    This matter is before the Court on Plaintiff's **Motion to Object to Order in Part and Notice That Will Appeal Ruling** [#38][1] (the "Motion"). No Response was filed, and the deadline by which to do so has elapsed. *See* D.C.COLO.LCivR 7.1(d). Plaintiff proceeds as a pro se litigant, and the Court construes the Motion [#38] primarily as a motion to reconsider the Court's Order [#32] dismissing ten Defendants from this lawsuit,[2] given that the Court must liberally construe the filings of a pro se litigant "so as to do justice." *See* Fed. R. Civ. P. 8(e); *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). To the extent Plaintiff expresses his intent

---

[1] "[#38]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] This case has been referred to the undersigned for all purposes pursuant to 28 U.S.C. § 636(c), on consent of the parties. *See* [#15, #18, #19]; *Reassignment* [#28].

to appeal the Order [#32], he has already filed and voluntarily dismissed his appeal. *See* [#40, #44].

"[C]ourts generally remain free to reconsider their earlier interlocutory orders." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (citations omitted). "[The] district court can use whatever standard it wants to review a motion to reconsider an interlocutory order. It can review the earlier ruling de novo and essentially reanalyze the earlier motion from scratch, it can review the ruling de novo but limit its review, it can require parties to establish one of the law-of-the-case grounds, or it can refuse to entertain motions to reconsider altogether." *United States v. Loera*, 182 F. Supp. 3d 1173, 1206 (D.N.M. 2016).

Despite this flexible standard, a motion to reconsider a prior order "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995). Generally, a motion to reconsider is granted when one of three grounds are met: "(1) an intervening change in the controlling law; (2) new evidence previously unavailable; [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark*, 57 F.3d at 948). Plaintiff appears to base his Motion [#38] on the third exception, i.e., the need to correct clear error or prevent manifest injustice. *See Motion* [#38] at 1 ("Plaintiff believes this [C]ourt to have made either a reversible error or a plain error.").

"[A]s a practical matter, a party seeking reconsideration must set forth facts or law of a strongly convincing nature[.]" *Wiltberger v. Lee-Ward Partners, LLC*, No. 16-cv-00307-MSK-NYW, 2017 WL 4118446, at *1 (D. Colo. Sept. 18, 2017). The party "faces an easier task when he or she files a targeted, narrow-in-scope motion asking the Court

to reconsider a small, discrete portion of its prior ruling than when he or she files a broad motion to reconsider that rehashes the same arguments from the first motion, and essentially asks the Court to grant the movant a mulligan on its earlier failure to present persuasive argument and evidence." *Loera*, 182 F. Supp. 3d at 1207.

By way of a brief recap, Plaintiff's lawsuit asserts excessive force claims (or failure to protect from excessive force) against various prison correctional officers and medical officials based on the use of pepper spray on him during a cell extraction, even though there was a note in his computer file that he was restricted from receiving pepper spray due to asthma and bronchitis. *See Order* [#32] at 1-4 (summarizing Plaintiff's Amended Complaint [#10]). The Court dismissed all Defendants other than Defendant Molello, individually, who allegedly sprayed Plaintiff with the pepper spray, and Defendant Roetker, individually, who allegedly gave the order to Defendant Molello to utilize the spray. *See id.* at 4, 21-22.

In the present Motion [#38], Plaintiff states that, because Defendants train for "force cell" procedures, they know before they even come to the cell who will take action, such as who will grab which limb, and whether the use of pepper spray is permitted. *See* [#38] at 1. Plaintiff infers that this means that former Defendant Cordova, who was in a supervisory position, either ordered his staff to use pepper spray or failed to properly train them not to use it. *Id.* Plaintiff also argues that former Defendant Gomez, a nurse, failed to protect him because she had exclusive access to his medical file and had an obligation to prevent the correctional officers from using pepper spray on him. *Id.* at 2. Plaintiff further asks the Court to reconsider its statement of law that the use of pepper spray is not per se unconstitutional. *Id*. In support, Plaintiff appears to argue that the pepper spray usage

on him was per se unconstitutional because of the restriction in his computer file. *Id.* In addition, Plaintiff argues that Defendants' removal of two inmates on either side of his cell prior to their pepper spray usage indicates that they knew in advance that they were going to use the spray. *Id*. Plaintiff further asserts that Defendants had planned the force cell extraction for an hour before acting, which in Plaintiff's view indicates that they had time to determine whether they were going to use the spray. *Id.*

Although Plaintiff disagrees with the Court's rulings on these issues, the Court considered all the allegations and arguments raised here in its Order [#32]. The Court initially determined that constitutional violations had not been adequately pleaded by Plaintiff, but then, even assuming in Plaintiff's favor that they had been adequately pleaded, the Court found that the now-dismissed Defendants were entitled to qualified immunity based on a lack of clearly-established law. *Order* [#32] at 16-18, 20-21. Plaintiff's Motion [#38] does not address that aspect of the ruling, and the Court is not persuaded that it otherwise erred in its Order [#32] based on Plaintiff's reiteration of allegations already considered by the Court.

Regarding Plaintiff's concern about whether pepper spray is unconstitutional per se, he has not provided any legal authority, and the Court is aware of none, holding that the Court's statement of the law was incorrect. As noted in the Order [#32], the use of pepper spray can *sometimes* be unconstitutional depending on the circumstances of its use; however, its use is not barred in all circumstances. *See Order* [#32] at 11-12. Indeed, the Court has made no ruling in this case on whether the use of pepper spray on Plaintiff during the force cell extraction was unconstitutional; that issue, as to Defendants Molello and Roetker, will be determined in a ruling on a later dispositive motion or by the trier of

fact. The Court merely ruled that, despite the use of pepper spray on Plaintiff, the other Defendants were entitled to qualified immunity based on the allegations underlying each one's own particular circumstances. *See id.* at 18, 21.

In short, the Court finds that Plaintiff has not demonstrated the need to correct clear error or prevent manifest injustice. Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that Motion [#38] is **DENIED**.

Dated: August 8, 2024

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge